UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY L. COOPER, etc.,[1]

    Plaintiff,

v.                          Case No. 3:05-cv-1061-J-20MCR

GOV. BUSH, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Anthony L. Cooper, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. Although his allegations are unclear, it appears that Plaintiff's Complaint concerns the alleged denial of indigent legal supplies and canteen goods.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

---

[1] It appears that Plaintiff Cooper is attempting to initiate a class action. However, the class action allegations will be stricken for Plaintiff Cooper's failure to comply with Local Rule 4.04(a).

>     malicious, or fails to state a claim upon
>     which relief may be granted, unless the
>     prisoner is under imminent danger of serious
>     physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of filings brought by Plaintiff Cooper in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:00-cv-135RV (by the United States District Court for the Northern District of Florida as malicious); (2) 3:04-cv-1133-J-16MCR (by this Court as frivolous; and, (3) 3:04-cv-1215-J-20TEM (by this Court as frivolous).

Because Plaintiff Cooper has had three or more qualifying dismissals and is not under imminent danger of serious physical injury,[2] this action will be dismissed without prejudice. Plaintiff Cooper may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $250.00 filing fee.

---

[2] Plaintiff Cooper does not claim in his Complaint that he is in imminent danger of serious physical injury; however, in one of the administrative grievances appended to his Complaint, he alleges his life is in danger. He does not allege any facts in support of this assertion. Plaintiff Cooper's vague and conclusory allegations are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g). See Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("Luedtke's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. All class action allegations are **STRICKEN.**

2. This case is **DISMISSED** without prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _17_ day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 10/14
c:
Anthony L. Cooper